**Vardan Serob DAGHBASHYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76712.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Victoria Bezman, Esq., Law Offices of Victoria Bezman, Encino, CA, for Petitioner.

CAC–District Counsel, Esq., Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., DOJ—U.S. Department of Justice Civil Rights Division/Appellate Section, U.S. Department of Justice, Special Litigation Section, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Vardan Serob Daghbashyan, a native and citizen of Armenia, petitions for review of the denial of his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Where the BIA summarily affirms the decision of the IJ, we review the IJ's decision as the final agency determination. *Zehatye v. Gonzales,* 453 F.3d 1182, 1184 (9th Cir.2006).

We review for substantial evidence the determination that a petitioner is ineligible for relief and will grant the petition only if the evidence compels a contrary conclusion. *Id.* at 1185.

Substantial evidence supports the IJ's conclusion that Daghbashyan has not shown past persecution or a well-founded fear of future persecution. The single detention and beating that Daghbashyan suffered in 1996 does not compel the conclusion that he suffered past persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–20 (9th Cir.2006) (three-day detention and beating did not compel finding of past persecution). As to fear of future persecution, Daghbashyan failed to provide direct and specific evidence that the Armenian government ever became aware of his political activities in the United States. *See Sanchez–Trujillo v. I.N.S.,* 801 F.2d 1571, 1580 (9th Cir.1986). The acts against Daghbashyan's family members were not based on a pattern closely tied to petitioner. *See Arriaga–Barrientos v. I.N.S.,* 937

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.2d 411, 414 (9th Cir.1991). Moreover, the evidence offered by Daghbashyan fails to establish a pattern and practice of persecution against individuals similarly situated to Daghbashyan. *Cf. Sanchez–Trujillo,* 801 F.2d at 1577–78.

Because Daghbashyan's asylum petition fails, his petition for withholding of removal also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Daghbashyan's claim for protection under the CAT fails because he has not shown that it is "more likely than not" that he will be tortured if he returns to Armenia. 8 C.F.R. § 208.16(c)(2); *see also Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005).

PETITION FOR REVIEW DENIED.